621 A.2d 128

**A. McD., Appellant,**

v.

**John Nathaniel ROSEN, M.D. and Nancy Cochran, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1992.

Filed Feb. 16, 1993.

306

Alan B. Epstein, Philadelphia, for appellant.

V.P. dePillis, Philadelphia, for Rosen, appellee.

Before ROWLEY, President Judge, and WIEAND and HUDOCK, JJ.

WIEAND, Judge:

In this appeal we are called upon to review a summary judgment entered in favor of a psychiatrist and a therapist because their former patient's action for malpractice was barred by the two year statute of limitations. The patient contends that the trial court failed to make proper application of the discovery rule. We disagree and affirm.

■ The appellant, Alexis McDonald,[1] began treatment with Dr. John Nathaniel Rosen, a psychiatrist, in August, 1979. At

---

1. Appellant has failed to cite authority or otherwise demonstrate that she, an adult plaintiff, can pursue an action at law by a designation other than her proper name. Pa.R.C.P. 1018 requires that the caption

that time she was complaining of various maladies, including colitis, depression and an unhappy marriage. She came under the care of Nancy Cochran, a therapist associated with Dr. Rosen, in October, 1979. She terminated her relationship with Dr. Rosen in July, 1982, and thereafter ceased all further communication with him because she had become suspicious of his manner of treatment and because she felt that he was unable to cure her complaints.

On February 13, 1985, McDonald filed a civil action against Rosen and Cochran. She alleged that the defendants had engaged in sexual misconduct during the course of their treatment of her. Amended complaints were subsequently filed, and, in response, the defendants filed an answer containing an averment, inter alia, that plaintiff's causes of action were barred by a two year statute of limitations. The defendants thereafter moved for the entry of summary judgment. This was initially denied by the trial court; but, on reconsideration, the court vacated its earlier order and entered summary judgment in favor of the defendants. The plaintiff appealed.

Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In passing upon a motion for summary judgment, a court must examine the record in a light most favorable to the nonmoving party and must resolve all doubt against the moving party. *Carns v. Yingling,* 406 Pa.Super. 279, 282, 594 A.2d 337, 339 (1991). A summary judgment can properly be entered in favor of a defendant where plaintiff's cause of action is barred by the statute of limitations. *Wible v. Apanowicz,* 306 Pa.Super. 262, 452 A.2d 545 (1982); *Washington v. Papa,* 24 Chest. 334 (1976); *Penn–Delco Union School District Authority v. M. & L. Construction Co.,* 60 D. & C.2d 226 (Del.Co.1972).

The present action is controlled by the two year statute of limitations set forth in 42 Pa.C.S. § 5524. This two year period begins to run "as soon as the right to institute and

of an action contain the names of the parties. This is not complied with by using a party's initials. See: 4 Std.Pa.Prac. § 21:8.

maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono Int'l Raceway v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). A person asserting a claim has the duty to use "all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Id.* In those circumstances where the plaintiff cannot reasonably be expected to be aware of the injury or of its cause, the discovery rule may apply to toll the running of the statute of limitations. *Id.* The discovery rule is a judicially created device which provides that the limitations period begins to run when "the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Redenz by Redenz v. Rosenberg*, 360 Pa.Super. 430, 434, 520 A.2d 883, 885, *allocatur denied*, 516 Pa. 635, 533 A.2d 93 (1987). The statute begins to run when the injured party "possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress." *Brunea v. Gustin*, 775 F.Supp. 844, 846 (W.D.Pa.1991), quoting *Zeleznik v. United States*, 770 F.2d 20, 23 (3d Cir.1985).

In applying the discovery rule, whether a plaintiff should have made a timely discovery of his or her injury is generally an issue for the jury unless the undisputed facts lead unerringly to the conclusion that the time it took to discover an injury was unreasonable as a matter of law. In such cases, summary judgment may be entered by the court. *Carns v. Yingling, supra* 406 Pa.Super. at 285, 594 A.2d at 340. See: *McCain v. Montgomery Hospital*, 396 Pa.Super. 415, 423, 578 A.2d 970, 974 (1990), *allocatur denied*, 527 Pa. 624, 592 A.2d 45 (1991).

In *Baily v. Lewis*, 763 F.Supp. 802 (E.D.Pa.1991), *affirmed*, 950 F.2d 721 (3d Cir.1991), the court reviewed the standard of reasonable diligence under Pennsylvania law and said:

The standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard. The fact that this individual plaintiff may have lacked knowledge of his or her injury is "irrelevant," "the statute is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts." In defining reasonable diligence, the courts have stated "[t]here are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." Moreover, with respect to knowledge of a claim, "plaintiffs need not know that they have a cause of action, or that the injury was caused by another party's wrongful conduct, for once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim."

*Id.* at 806–807 (citations omitted) (emphasis in original). Since the standard of knowledge is objective, the nature of the injury will typically determine whether the discovery rule has application. Only where the injury is not readily discernible can the rule apply. *Id.* at 807.

The *Baily* Court observed that, in Pennsylvania, "except as otherwise provided by statute, insanity or imprisonment [does] not extend the time" allowed by the statute for commencement of an action. *Id.* at 808. See: 42 Pa.C.S.A. § 5533(a). See also: *Walker v. Mummert,* 394 Pa. 146, 146 A.2d 289 (1958); *Courts v. Campbell,* 245 Pa.Super. 326, 369 A.2d 425 (1976). Therefore, the Court held, the statute of limitations pertaining to an action for sexual abuse was not tolled by a minor's psychological repression of the abuse for fifteen years. Under Pennsylvania law, the Court said, "where the plaintiff is aware of 'the facts concerning the occurrence of his injury' and the 'causative relationship' between the injury and the defendant's conduct, the fact that the plaintiff does not know that he has a cause of action will not prevent the statute from

running." *Baily v. Lewis, supra* at 810, quoting *Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 46 (3d Cir.1990).

Similarly, in *Brunea v. Gustin, supra,* the Court held that an action was barred by the statute of limitations despite the fact that a misdiagnosis was alleged to have been a substantial factor contributing to the plaintiff's inability to recognize and be aware that negligence had occurred. The Court said, "[t]he law of the State of Pennsylvania simply does not permit a later diagnosis, whether labeled a misdiagnosis or otherwise, to extend the statute of limitations beyond the two year period when the injury accrued." *Id.* at 848–849. Compare: *Greenberg v. McCabe,* 453 F.Supp. 765 (E.D.Pa.1978), *affirmed,* 594 F.2d 854 (3d Cir.1979), *cert. denied,* 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979); *Person v. Kieffer,* 634 F.Supp. 892 (E.D.Pa.1986).

Appellant contends that her continuing psychiatric problems precluded her from realizing that she had been treated improperly by her physician and his therapist. She contends that it was not until 1983, when she discussed the defendants' treatment with her current psychologist, that she learned that treatment which included sexual conduct was deemed unethical. She would have us hold that the limitations period did not begin to run until this time. We decline to do so. "Inclusion of a plaintiff's mental incapacity as a factor to be considered in determining the reasonableness of plaintiff's diligence runs counter to [the reasonable person standard.]" *Barren by Barren v. United States,* 839 F.2d 987, 994 (3d Cir.1988) (Sloviter, J., concurring) (citing *United States v. Kubrick,* 444 U.S. 111, 117–118, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979)), *cert. denied,* 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988).

Here, the evidence is that in the summer of 1982 appellant was already in possession of the salient facts regarding her alleged mistreatment and the persons responsible therefor. At that time she informed her friends of the sexual nature of Dr. Rosen's treatments and was told, in return, that something "[is] wrong here." At the same time, she began to

withdraw from Dr. Rosen because of mistrust, and by December, 1982, had consulted another psychologist.

Under these circumstances, we are constrained to agree with the trial court that the statute of limitations began to run in July, 1982, when appellant ceased all treatment with Dr. Rosen. At that time, according to her own testimony, appellant distrusted Dr. Rosen and Ms. Cochran and was suspicious of their motives. More importantly, she then was already aware of all salient facts, including the course of treatment which had been given and which later became the basis for her alleged cause of action. In the summer of 1982, there no longer were any facts that could not have been discerned by the exercise of reasonable diligence. There was no concealment. The statute of limitations will not be ignored merely because appellant had been treated by a psychiatrist, being in need of psychiatric treatment. Her need of psychiatric treatment did not toll the running of the statute of limitations.

The entry of summary judgment is affirmed.