633 A.2d 192

**Darlene K. BRADLEY, Appellant,**

v.

**Joseph S. RAGHEB, M.D., Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1993.

Filed Nov. 3, 1993.

618

Darrell L. Kadunce, Butler, for appellant.

Elaine S. Nace, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and WIEAND and CIRILLO, JJ.

WIEAND, Judge:

In this medical malpractice action based upon an alleged failure to make prompt diagnosis of cancer, the trial court entered summary judgment in favor of the defendant physician because the action was barred by the two year statute of limitations set forth at 42 Pa.C.S. § 5524(2). On appeal, the patient contends that the trial court failed to make proper application of the discovery rule. After careful review, we affirm the judgment entered by the trial court.

When Darlene Bradley consulted Dr. Joseph Ragheb in early July, 1988, she informed him that she had a lump in her breast. Bradley made an examination and allegedly advised his patient that it had been caused by drinking too much caffeine. When she next questioned the physician in December, 1988, however, he recommended a biopsy. The biopsy was performed on January 20, 1989, and Bradley was informed that the lump was malignant. A modified radical mastectomy was performed on February 8, 1989. Because the cancer had started to spread, several infected lymph nodes were also removed. It is not disputed that Bradley knew of her cancerous condition at this time. In March, 1989, Bradley began chemotherapy treatment under the direction of Dr. Liether, an oncologist, who advised her that the risk of recurrence had been increased significantly because the disease had started to spread before it was diagnosed.[1]

On February 27, 1991, Bradley commenced an action against Ragheb in which she charged him with negligence in failing to make an earlier diagnosis of her breast cancer. Ragheb filed an answer to the complaint in which he alleged, inter alia, that the alleged cause of action was barred by the applicable two year statute of limitations. The trial court, on October 27, 1992, held that Bradley's cause of action was barred by the statute of limitations and entered summary

1. There has been no recurrence of the disease as of September 2, 1993.

judgment in favor of the defendant-physician. Bradley appealed.

In *A. McD. v. Rosen, M.D.*, 423 Pa.Super. 304, 621 A.2d 128 (1993), the Superior Court said:

> Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In passing upon a motion for summary judgment, a court must examine the record in a light most favorable to the nonmoving party and must resolve all doubt against the moving party. A summary judgment can properly be entered in favor of a defendant where plaintiff's cause of action is barred by the statute of limitations.

*Id.* at 307, 621 A.2d at 130 (citations omitted). See also: *E.J.M. v. Archdiocese of Philadelphia*, 424 Pa.Super. 449, 452, 622 A.2d 1388, 1390 (1993).

 The statute of limitations applicable to a medical malpractice action is found at 42 Pa.C.S. § 5524(2). Section 5524(2) provides that "[a]n action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" must be commenced within two (2) years. In general, "a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). The statutory period begins to run "as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do[es] not toll the running of the statute...." *Id.* See also: *A. McD. v. Rosen, supra* 423 Pa.Super. at 307, 621 A.2d at 130. In most cases, the statute of limitations begins to run on the date the injury is sustained. Once the prescribed statutory period has expired, a plaintiff is thereafter barred from commencing suit.

The discovery rule, however, is an exception to this rule. "In those circumstances where the plaintiff cannot reasonably be expected to be aware of the injury or of its cause, the discovery rule may apply to toll the running of the [statutory period]." *A. McD. v. Rosen, M.D., supra* at 308, 621 A.2d at 130. See also: *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992); *E.J.M. v. Archdiocese of Philadelphia, supra* 424 Pa.Super. at 454, 622 A.2d at 1391. The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed period, the period of limitation does not begin to run until discovery of the injury is reasonably possible. *Hayward v. Medical Center of Beaver County, supra* 530 Pa. at 325, 608 A.2d at 1043. Under the discovery rule, the limitations period will be tolled until the "plaintiff knows, or in the exercise of reasonable diligence should have known, (1) that he has been injured, and (2) that his injury has been caused by another's conduct." *MacCain v. Montgomery Hospital,* 396 Pa.Super. 415, 419–420, 578 A.2d 970, 972–973 (1990), *allocatur denied,* 527 Pa. 624, 592 A.2d 45 (1991). When presented with an assertion of applicability of the discovery rule, a court must, before it applies the exception, "address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action." *Pocono International Raceway, Inc. v. Pocono Produce, Inc., supra* 503 Pa. at 85, 468 A.2d at 471. The plaintiff's conduct is to be evaluated in terms of what she should have known at a particular time by following a course of reasonable diligence. "If a party has the means of discovery within his [or her] power but neglects to use them, his [or her] claim will still be barred." *Burnside v. Abbott Laboratories,* 351 Pa.Super. 264, 292, 505 A.2d 973, 988 (1985). See also: *DeMartino v. Albert Einstein Medical Center, N.D.,* 313 Pa.Super. 492, 508, 460 A.2d 295, 303 (1983). As this court said in *DeMartino, supra:*

[O]nce the patient is aware or should reasonably have become aware that medical treatment is causing [her] personal injury the statute begins and the prospective plaintiff

is required to begin doing those things for which the statute of limitations specifically provides time: "an opportunity to select and consult with a lawyer, investigation, initiation of suit, discovery, joinder of additional parties, etc."

*Id.* at 502, 460 A.2d at 300, quoting *Keating v. Zemel*, 281 Pa.Super. 129, 134 n. 4, 421 A.2d 1181, 1184 n. 4 (1980).

In *MacCain v. Montgomery Hospital, supra*, the Superior Court addressed the applicability of the statute of limitations under circumstances similar to those in the case before us. There, Mrs. MacCain had entered the hospital on October 10, 1983, in order to undergo orthopedic surgery on her elbow. During a presurgery exam, a mass was detected in one of her breasts. Dr. Belasco next examined her and although he did not detect a mass, he ordered a mammogram. The radiologist who took the mammogram indicated in his report that the possibility of a malignancy could not be excluded. Dr. Belasco, nevertheless, informed Mrs. MacCain that everything was fine. During the months following her surgery, Mrs. MacCain noticed that the lump was increasing in size. In February, 1984, her gynecologist examined the lump and expressed concern. He advised her to return in six months. Upon her return in September, 1984, the gynecologist ordered another mammogram and, based thereon, recommended a biopsy. Mrs. MacCain sought a second opinion in October, 1984, during which her gynecologist's recommendation was confirmed. Following a biopsy, Mrs. MacCain underwent a modified radical mastectomy on October 5, 1984. Thereafter, on November 21, 1986, Mrs. MacCain commenced a medical malpractice action against various health care providers. The defendants moved for the entry of summary judgment on grounds that the alleged causes of action were barred by the statute of limitations. The motions were granted, and judgment was entered in favor of the defendants. The Superior Court affirmed. The Court said:

While we sympathize with [Mrs. MacCain's] situation, we still must find, as a matter of law, that she should have known that she was injured by, at least, October of 1984 when she was told that she had cancer. For months, Mrs.

MacCain was concerned about the lump in her breast. She felt the lump growing larger and was told by her doctor that a problem might exist. In October of 1984, [she obtained a second opinion, and] was told that the second mammogram showed carcinoma. On October 5, 1984, this diagnosis was confirmed by the biopsy. At this point, any suspicion of cancer had been positively confirmed. Mrs. MacCain should have been aware that the earlier mammogram had been misread or that she had been misinformed. There is no issue of material fact for the jury to consider and summary judgment was appropriate.

*Id.* 396 Pa.Super. at 423, 578 A.2d at 974.

■ Here, as in *MacCain, supra,* appellant was concerned about a suspicious lump which she had found in her breast. She sought medical advice regarding the lump in July, 1988, and Dr. Ragheb advised her it was not a serious matter but the result of "drinking too much caffeine." Six months later, in December, 1988, appellant again questioned the doctor about the lump. Although he still expressed the opinion that it was not of concern, he ordered a biopsy. When appellant was informed at the end of January, 1989, that the lump was malignant, Bradley was aware that Dr. Ragheb had failed to correctly diagnose the lump in July, 1988. At that point in time, appellant possessed the requisite knowledge to commence the running of the statutory period; she knew or reasonably should have known that Dr. Ragheb had failed previously to diagnose her cancer when she first brought the lump to his attention.

■ Appellant contends, however, that the statute of limitations should be tolled until she actually learned that Dr. Ragheb's delay in diagnosis had increased the risk of a recurrence. She would have us hold that the statutory period did not begin to run until approximately March 20, 1989, when Dr. Licther specifically informed her that the delay in diagnosis had put her at greater risk of suffering a recurrence of cancer.

The polestar of the Pennsylvania discovery rule is not a plaintiff's actual acquisition of knowledge but whether the information, through the exercise of due diligence, was knowable to the plaintiff. *Owens v. Lac D'Amiante Du Quebec, Ltee.*, 656 F.Supp. 981, 983 (E.D.Pa.1987), *aff'd*, 833 F.2d 306 (3d Cir.1987). Failure to make inquiry when information is available is failure to exercise reasonable diligence as a matter of law. *Id.* See also: *Bickford v. Joson, M.D.*, 368 Pa.Super. 211, 533 A.2d 1029, *allocatur denied*, 518 Pa. 647, 544 A.2d 959 (1988). Here, the necessary information was ascertainable to appellant in the exercise of due diligence. Appellant merely had to inquire as to the consequences of the delay in the diagnosis or seek that advice, whether medical or legal, or both, which would have provided her with the information necessary to understand the consequences of Dr. Ragheb's delay. "The two year period given by the statute is the time in which a plaintiff is expected to exercise due diligence in seeking the medical and legal advice necessary to ascertain if an action should be brought and, if so, what legal form it will take." *Levenson v. Souser*, 384 Pa.Super. 132, 149, 557 A.2d 1081, 1089, *allocatur denied*, 524 Pa. 621, 571 A.2d 383 (1989). A plaintiff need not know the precise extent of her injuries before the statutory period begins to run. *Id.* 384 Pa.Super. at 150, 557 A.2d at 1090. See also: *Stephenson v. Greenberg, M.D.*, 421 Pa.Super. 1, 617 A.2d 364 (1992); *Shadle v. Pearce*, 287 Pa.Super. 436, 430 A.2d 683 (1981). Thus, the fact that appellant was unaware of the full consequences of Dr. Ragheb's failure to diagnose her cancer earlier at the same time when she learned the lump to be malignant does not serve to toll the statutory period.

The order entering summary judgment is affirmed.