636 A.2d 1201

**Dorothea Ann BROOKS, Appellant,**

**v.**

**Randall SAGOVIA, D.D.S., Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1993.

Filed Feb. 15, 1994.

Raymond M. Bily, Philadelphia, for appellant.

Peter A. Callahan, Norristown, for appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

In this dental malpractice action based upon an alleged failure to make a prompt diagnosis of periodontal disease, the trial court entered summary judgment in favor of the defendant-dentist because the action was barred by the two year statute of limitations contained in 42 Pa.C.S. § 5524(2). On appeal, the plaintiff-patient contends that the trial court failed to apply the discovery rule properly. After careful review, we affirm the judgment entered by the trial court.

Dorothea Ann Brooks was a dental patient of Randall Sagovia, D.D.S., from October 21, 1985, through May 11, 1987. During this period she received regular examinations, care and treatment of her teeth. On March 16, 1988, Brooks was examined by Barry Sockel, D.D.S. Within a week of that exam, Dr. Sockel called Brooks to inform her that she was suffering from extensive periodontal disease which had caused a 50% loss of bone. Dr. Sockel referred Brooks to a periodontist. Brooks did not immediately make an appointment with the recommended periodontist but, instead, sought a second opinion from Harold Marcus, D.D.S. On March 26, 1988, Dr. Marcus confirmed the diagnosis of periodontal disease and referred Brooks to Saul Rosenberg, D.M.D., a periodontist. Brooks began treatment with Dr. Rosenberg on May 4, 1988.

On June 20, 1990, more than two years later, Brooks commenced an action by writ of summons against Dr. Sagovia. She filed a complaint on January 15, 1992, in which she averred that Dr. Sagovia had been negligent for failing to diagnose her periodontal disease. Dr. Sagovia filed an answer and new matter to the complaint in which he alleged, inter

alia, that the cause of action was barred by the statute of limitations. On April 30, 1993, the trial court entered summary judgment in favor of the defendant-dentist on the basis that Brooks' claim was barred by the applicable two year statute of limitations. Brooks appealed.

In *E.J.M. v. Archdiocese of Philadelphia*, 424 Pa.Super. 449, 622 A.2d 1388 (1993), the Superior Court stated:

On review of an order granting summary judgment, we must determine whether the moving party has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. In making this determination, we must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. All doubts as to the existence of a factual dispute must be resolved in favor of the non-moving party and the entry of summary judgment is appropriate only in the clearest of cases.

*Id.*, 424 Pa.Super. at 453, 622 A.2d at 1390, quoting *Mentzer v. Ognibene*, 408 Pa.Super. 578, 583–584, 597 A.2d 604, 607 (1991) (citations omitted). See also: *Hayward v. Medical Center of Beaver County*, 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992). Summary judgment may properly be entered in favor of a defendant when the plaintiff's cause of action is barred by the statute of limitations. *A. McD. v. Rosen, M.D.*, 423 Pa.Super. 304, 307, 621 A.2d 128, 130 (1993).

The statute of limitations applicable to the present dental malpractice action is found at 42 Pa.C.S. § 5524(2). This section provides that "[a]n action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" must be commenced within two years. Generally, "a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Pocono Int'l Raceway, Inc. v. Pocono Produce,*

*Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). The statutory period begins to run "as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do[es] not toll the running of the statute of limitations." *Id.* See also: *Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 96, 204 A.2d 473, 476 (1964); *Bradley v. Ragheb, M.D.,* 429 Pa.Super. 616, 620, 633 A.2d 192, 194 (1993); *A. McD. v. Rosen, M.D., supra,* 423 Pa.Super. at 307–308, 621 A.2d at 130. As a general rule, the statute of limitations will begin to run on the date the injury is sustained. *Pounds v. Lehman, M.D.,* 384 Pa.Super. 358, 361, 558 A.2d 872, 873, *allocatur denied,* 523 Pa. 643, 565 A.2d 1167 (1989). Unless an exception applies, a plaintiff is barred from commencing suit once the statute of limitations has expired. *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., supra,* 503 Pa. at 85, 468 A.2d at 471.

The "discovery rule" is an exception which can serve to toll the running of the statutory period. Application of the discovery rule arises from the inability of the injured party, despite the exercise of due diligence, to know of his or her injury or its cause. *Id.* The Superior Court recently discussed the discovery rule in *Bradley v. Ragheb, M.D., supra.* There, the court stated:

"In those circumstances where the plaintiff cannot reasonably be expected to be aware of the injury or of its cause, the discovery rule may apply to toll the running of the [statutory period]." *A. McD. v. Rosen, M.D., supra*[, 423 Pa.Super.] at 308, 621 A.2d at 130. See also: *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992); *E.J.M. v. Archdiocese of Philadelphia, supra* [424 Pa.Super.] at 454, 622 A.2d at 1391. The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed period, the period of limitation does not begin to run until discovery of the injury is reasonably possible. *Hayward v. Medical Center of Beaver County, supra* [530 Pa.] at 325, 608 A.2d at 1043. Under the discovery rule, the limitations period will be tolled until the "plaintiff knows, or

in the exercise of reasonable diligence should have known, (1) that he has been injured, and (2) that his injury has been caused by another's conduct." *MacCain v. Montgomery Hospital*, 396 Pa.Super. 415, 419–420, 578 A.2d 970, 972–973 (1990), *allocatur denied*, 527 Pa. 624, 592 A.2d 45 (1991). When presented with an assertion of applicability of the discovery rule, a court must, before it applies the exception, "address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action." *Pocono International Raceway, Inc. v. Pocono Produce, Inc., supra*[, 503 Pa.] at 85, 468 A.2d at 471. The plaintiff's conduct is to be evaluated in terms of what she should have known at a particular time by following a course of reasonable diligence. "If a party has the means of discovery within his [or her] power but neglects to use them, his [or her] claim will still be barred." *Burnside v. Abbott Laboratories*, 351 Pa.Super. 264, 292, 505 A.2d 973, 988 (1985). See also: *DeMartino v. Albert Einstein Medical Center, N.D.*, 313 Pa.Super. 492, 508, 460 A.2d 295, 303 (1983). As this court said in *DeMartino, supra*:

> [O]nce the patient is aware or should reasonably have become aware that medical treatment is causing [her] personal injury the statute begins and the prospective plaintiff is required to begin doing those things for which the statute of limitations specifically provides time: "an opportunity to select and consult with a lawyer, investigation, initiation of suit, discovery, joinder of additional parties, etc."

*Id.*, 313 Pa.Super. at 502, 460 A.2d at 300, quoting *Keating v. Zemel*, 281 Pa.Super. 129, 134 n. 4, 421 A.2d 1181, 1184 n. 4 (1980).

*Id.*, 429 Pa.Super. at 620–621, 633 A.2d at 194–195. See also: *Ingenito v. AC & S, Inc.*, 430 Pa.Super. 129, 633 A.2d 1172 (1993) (en banc).

In most cases, whether a plaintiff has made a timely discovery of his or her injury is an issue of fact to be decided by the jury. *A. McD. v. Rosen, M.D., supra*, 423 Pa.Super. at 308, 621 A.2d at 130; *Carns v. Yingling, M.D.*, 406 Pa.Super.

279, 285, 594 A.2d 337, 340 (1991). However, summary judgment may properly be entered by the court when the undisputed facts lead unerringly to the conclusion that the time it took to discover an injury or its cause was unreasonable as a matter of law. *A. McD. v. Rosen, M.D., supra,* 423 Pa.Super. at 308, 621 A.2d at 130. See also: *Carns v. Yingling, M.D., supra; MacCain v. Montgomery Hospital,* 396 Pa.Super. 415, 578 A.2d 970 (1990), *allocatur denied,* 527 Pa. 624, 592 A.2d 45 (1991).

■ A review of the record in the present case discloses that appellant possessed the requisite degree of knowledge prior to June, 1988. In March, 1988, Brooks had been diagnosed and was informed that she had extensive periodontal disease. In her deposition testimony, she admits that when Dr. Sockel informed her that the disease had caused a 50% bone loss she "assumed that [it] wasn't something that just happened." Her testimony also indicated that at the time she learned of her disease, she wondered, if she had been receiving dental care and the disease was detectable, why hadn't she been informed that she had it. Moreover, Dr. Sockel informed Brooks that the bone loss was visible on x-rays which Dr. Sagovia had taken in October, 1985. Brooks testified that this upset her because "if it was there, [she thought she] should have been told it was there." It is clear, therefore, that already in March, 1988, appellant possessed the requisite degree of knowledge needed to commence suit against Dr. Sagovia. She knew or reasonably should have known that she had had the disease while she had been a patient of the appellee-dentist and that appellee had failed to tell her of it. Because the plaintiff-appellant had this information in March, 1988, the statute of limitations began to run at that time.

Whether the plaintiff-appellant then knew that the defendant-dentist's failure to diagnose her disease was a result of negligence is of no consequence. The two year period afforded by the statute of limitations is the time in which a plaintiff is expected to exercise reasonable diligence in seeking the medical and legal advice necessary to determine whether an action should be brought. *Bradley v. Ragheb, M.D., supra,*

429 Pa.Super. at 625, 633 A.2d at 196; *Levenson v. Souser,* 384 Pa.Super. 132, 149, 557 A.2d 1081, 1089, *allocatur denied,* 524 Pa. 621, 571 A.2d 383 (1989). See also: *Cochran v. GAF Corp.,* 430 Pa.Super. 175, 633 A.2d 1195 (1993) (en banc). Thus, the fact that appellant did not acquire knowledge of Dr. Sagovia's negligence, if any, did not prevent the running of the statute of limitations after she learned that the disease was present while she had been Dr. Sagovia's patient.

The order entering summary judgment is affirmed.