## Thomas  v.  Hartman

*Janet K. Catina,* for plaintiffs.
*Neil E. Durkin,* for defendant.

CHESLOCK, *J.,* October 29, 1996—This action arises out of an automobile accident that occurred on April 23, 1991, in which Lorilee Thomas and Albert Hartman were travelling in an automobile that collided with a tree. Following the accident, on April 16, 1993, plaintiffs filed suit against Wayro Inc. t/a Crossroads Bar, Wayne Picciano, as owner of Crossroads, and Jody Robbins. In that case, Lorilee Thomas claimed to be the driver of the automobile involved in the accident. Both Lorilee Thomas and Albert Hartman were intoxicated at the time of the accident. Albert Hartman was not named as a defendant in the original action.

On October 3, 1994, plaintiffs commenced the action currently before the court by filing a complaint naming Albert Hartman as defendant. In this complaint, plaintiffs claim that defendant was the driver of the automobile and that they are entitled to damages resulting from the accident. Defendant filed an answer and new matter to plaintiffs' complaint on June 16, 1995. On August 21, 1995, plaintiffs filed a response to new matter.

Thereafter, defendant filed a motion for summary judgment and a praecipe for argument list on August 23, 1996. Plaintiffs filed an answer to motion for summary judgment on September 16, 1996. Oral arguments were heard on October 1, 1996. Both parties have submitted briefs and we are now ready to dispose of defendant's motion for summary judgment.

The law applicable to summary judgments is set forth in Rule 1035 of the Pennsylvania Rules of Civil Procedure. According to Rule 1035, summary judgment "shall be rendered if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. no. 1035(b), 42 Pa.C.S.

Additionally, Pennsylvania courts have held that "[t]he entire record is to be examined in the light most favorable to the party opposing the motion, and all doubts concerning the existence of a genuine issue of fact must be resolved in that party's favor." *Mattia v. Employers Mutual Companies,* 294 Pa. Super. 577, 579, 440 A.2d 616, 617 (1982), citing *Bowman v. Sears Roebuck & Co.,* 245 Pa. Super. 530, 369 A.2d 754 (1976).

With these standards in mind, we turn now to defendant's motion for summary judgment. Defendant argues that this court should grant his motion for summary judgment because plaintiffs' case is barred by the statute of limitations since the complaint was filed more than two years after the accident occurred. Furthermore, defendant asserts that he did not fraudulently conceal the fact that he may have been driving the car from plaintiffs and that plaintiffs had ample opportunity before the expiration of the limitations period to discover the identity of the driver of the car and file a complaint.

To the contrary, plaintiffs allege that the statute of limitations was tolled because defendant fraudulently concealed the fact that he may have been driving the car from them. In support of this argument, plaintiffs contend that Pennsylvania law provides that a defendant who fraudulently conceals his involvement in a tort shall not benefit from the success of his lie, but shall be estopped from raising the statute of limitations. Plaintiffs further assert that summary judgment is not appropriate in this case as there are genuine issues of

material fact concerning: (a) whether defendant was the driver of the vehicle at the time of the accident; (b) whether defendant fraudulently concealed his identity as the driver of the vehicle from police and plaintiffs; and (c) whether plaintiffs reasonably relied upon the allegedly fraudulent statements of defendant which he allegedly made to relax their vigilance and cause them to deviate from a line of inquiry.

We will now review the applicable law. Pennsylvania courts have held that "[s]ummary judgment may properly be entered in favor of a defendant when the plaintiff's cause of action is barred by the statute of limitations. . . . Generally, 'a party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period.' . . . The statutory period begins to run 'as soon as the right to institute and maintain suit arises; lack of knowledge, mistake or misunderstanding do[es] not toll the running of the statute of limitations.' As a general rule, the statute of limitations will begin to run on the date the injury is sustained. . . . Unless an exception applies, a plaintiff is barred from commencing suit once the statute of limitations has expired." *Brooks v. Sagovia,* 431 Pa. Super. 508, 511-12, 636 A.2d 1201, 1202 (1994). (citations omitted)

The standard for evaluating a plaintiff's conduct is what she should have discovered at a particular time through the exercise of reasonable diligence. *Baumgart v. Keene Building Products Corp.,* 430 Pa. Super. 162, 170, 633 A.2d 1189, 1193 (1993). "If a party has the means of discovery within [her] power but neglects to use them, [her] claim will be barred." *Id.* (citations omitted)

Additionally, Pennsylvania courts have held that summary judgment is proper where a plaintiff fails to plead facts sufficient to toll the statute, admits facts sufficient to concede the statute of limitation defense or fails in its response to show that a genuine issue of material fact exists. *Holmes v. Lado,* 412 Pa. Super. 218, 602 A.2d 1389 (1992). Furthermore, summary judgment may be granted where plaintiff's evidence is "inherently unreliable." *Id.*

In the present case, plaintiffs are seeking damages for injuries that resulted from an automobile accident. The applicable statute of limitations for such an action to recover damages for "injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" is two years. See 42 Pa.C.S. §5524(2). The cause of action accrued on April 23, 1991, the date of the accident. But, plaintiffs did not file a complaint against defendant until October 3, 1994, more than three years after the accident occurred.

Plaintiffs contend that the statute of limitations was tolled because defendant fraudulently concealed from them the fact that he may have been driving the car in order to relax their vigilance and cause them to deviate from a line of inquiry.

The Pennsylvania Supreme Court has held that when a defendant causes a plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations. See *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 270 (1963). It has also been held that because fraudulent concealment is an affirmative defense to the statute of limitations, the plaintiff has the

burden of proving the fraud or concealment by clear, precise and convincing evidence. See *Nesbitt v. Erie Coach Company,* 416 Pa. 89, 92-93, 204 A.2d 473, 475 (1964). Furthermore, "[w]hether the statute has run on a claim is usually a question of law for the trial judge, but where the issue involves a factual determination, the determination is for the jury. Specifically, the point at which the complaining party should reasonably be aware that he has suffered an injury is generally an issue of fact to be determined by the jury; only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law." *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992). (citations omitted)

After reviewing all of the pleadings and depositions in this case in a light most favorable to the plaintiffs, we find the following: (1) during a police interview for the preparation of an initial crime report, defendant said, "I was not driving the car in the accident. The girl was driving. I am *almost* 100 percent sure that I was not driving. I fell asleep after leaving the bar." (See initial crime report) (emphasis added); (2) the initial crime report was in the file of another case relating to criminal charges brought against one Jody Robbins; (3) said initial crime report also contained statements by Jody Robbins indicating that defendant Hartman was the driver at the time of the accident; (4) plaintiffs received only a copy of the accident report, not the initial crime report; (5) in the accident report, the police noted that plaintiff Lorilee Thomas was the operator and that defendant Hartman was the passenger of the automobile at the time of the accident; (6) police told

plaintiff Lorilee Thomas that the investigation revealed that she was the driver and that charges were being considered against her; (7) whether due to her consumption of alcoholic beverages or the injuries she sustained in the accident, plaintiff Lorilee Thomas had no independent memory of the accident or who was driving at the time; (8) based on the information contained in the accident report, plaintiffs filed the original complaint, naming plaintiff Lorilee Thomas as the driver; (9) plaintiffs did not find out that defendant Hartman may have been the driver until they received answers to interrogatories from Jody Robbins, in which Robbins stated that defendant Hartman was the driver; and (10) once plaintiffs discovered that defendant Hartman may have been the driver, they filed a complaint against him.

In this case, plaintiffs concede the existence of certain documents (*i.e.* the initial crime report) on file in the courthouse concerning Jody Robbins' criminal case that disclose his statement that defendant Hartman was the driver. However, they contend that because (1) the accident report stated that plaintiff Lorilee Thomas was the operator of the automobile at the time of the accident; (2) the police told plaintiff Lorilee Thomas that evidence revealed that she was the driver and that charges were being considered against her; and (3) the police never told plaintiff Lorilee Thomas that defendant may have been the driver, a jury could determine that plaintiffs acted reasonably in deviating from their inquiry as to whether defendant Hartman was the driver of the automobile at the time of the accident. We agree. Whereupon, we find that a genuine issue of material fact exists as to when plaintiffs should have reasonably become

aware that they had suffered an injury resulting from defendant's allegedly negligent conduct. We also find that a genuine issue of material fact exists as to whether plaintiff Lorilee Thomas or defendant Albert Hartman was the driver of the automobile at the time of the accident.

Accordingly, we enter the following order.

## ORDER

And now, October 29, 1996, it is hereby ordered that defendant's motion for summary judgment is denied.