**Jensen v. Kohl**

C.P. of Monroe County, nos. 8237 Civil 2003, 4567 Civil 2004.

*Linda M. Shick,* for plaintiffs.
*James M. Flood,* for defendants.

WALLACH MILLER, *J.,* December 15, 2006—We have before us the motion of defendant KLR Associates Inc. for summary judgment in this consolidated matter. For the reasons set forth below, we grant the motion for summary judgment.

J. Carl Kohl was the owner of a building located at 1157 North 9th Street, Stroudsburg, Monroe County,

Pennsylvania. It had been a bowling alley for many years. He rented the building to a third party, and the tenant opened a furniture store. Both plaintiffs were employed in the building, first by Heilig Meyers Furniture and then by The Room Store sometime prior to August of 1999.

During the winter of 2000, there were water leaks in the roof from snow and ice which was brought to the attention of Kohl. Kohl hired defendant KLR Associates to repair the roof. In their complaint, the plaintiffs allege that they began to notice a general decline in their health and both left their jobs at The Room Store due to this declining health. They attribute this to mold which accumulated in the building due to the water leaks. Both allege that they have developed medical conditions as well as emotional problems from the moldy condition.

Plaintiffs first filed a complaint against Kohl on October 22, 2003 at no. 8237 Civil 2003. They later filed a complaint against defendant KLR Associates on June 17, 2004 at no. 4567 Civil 2004. On December 15, 2004, by stipulation of the parties, these cases were consolidated. Defendant KLR requests we grant summary judgment. We have heard oral argument in this matter from all parties and have reviewed all the briefs, reply briefs, affidavits and the seven depositions filed.

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law where the court determines there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report or if

after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2.

The moving party bears the burden of proving that no genuine issue of material facts exists. Also, we must examine the record in a light most favorable to the non-moving party and resolve all doubts against the moving party. A motion for summary judgment may be granted where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 562 A.2d 279 (1989).

More relevant to the case at bar, summary judgment may be entered in favor of a defendant when the plaintiff's cause of action is barred by the statute of limitations. *Brooks v. Sagovia,* 431 Pa. Super. 508, 636 A.2d 1201 (1994). Generally, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises. Lack of knowledge, mistake or misunderstanding does not toll the statute of limitations.

This action is governed by statute, specifically 42 Pa.C.S. §5524, which states:

"The following actions and proceedings must be commenced within two years; . . .

"(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or negligence or unlawful violence or negligence of another."

Defendant KLR argues that the statute of limitations began to run when the plaintiffs realized the building was making them sick. We agree. We apply the "discovery rule" in this case. That rule states that when the existence of an injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the period prescribed in the limitation statute, the limitation period will not begin to run until the discovery of the injury is reasonably possible. *Citsay v. Reich,* 380 Pa. Super. 366, 551 A.2d 1096 (1988).

In this case, plaintiff Jensen testified in her deposition that as of February 8, 2002, the building began making her sick. Plaintiff Dunlap, on the other hand, testified in her deposition that as of 2001, the building began causing her physical problems. The complaint was originally filed against defendant Kohl on October 22, 2003. The second complaint against KLR was filed on June 17, 2004.

Because the statute of limitations period for plaintiff Jensen began February 8, 2002, the last possible date to file a complaint against defendant KLR would have been February 8, 2004. Likewise, the limitation period for plaintiff Dunlap began sometime in 2001. Therefore, the last possible date to file a complaint against defendant KLR would have been in 2003. Since the plaintiffs did not begin this action until June 17, 2004, their claims against defendant KLR are barred and as such KLR's motion for summary judgment is granted.

## ORDER

And now, December 15, 2006, the motion of defendant KLR Associates Inc. for summary judgment is granted.