**Gilmore v. Logan**

*Kenneth M. Kapner,* for plaintiff.
*Therese Tallarico Schweikert,* for defendants.

DiVITO, *J.,* July 29, 2010—Plaintiff appeals from an order issued by this court on March 2, 2010, granting defendant's motion for summary judgment. The case involved a personal injury suit stemming from a car accident on January 7, 2007, between plaintiff Crystal Gilmore and defendants Tracy Logan and Deveh Ramsey. On June 8, 2009, plaintiff filed a suit for damages resulting from this incident. Defendants filed a motion for summary judgment, on the grounds that 42 Pa.C.S. §5524(2) mandates a two-year statute of limitations for filing actions to recover for personal injuries. On March 2, 2010 defendant's motion was granted because plaintiff failed to bring her action within the required limitations period.

Plaintiff argues that the court erred in granting the motion for summary judgment because disputed issues of fact and law existed. Plaintiff's 1925(b) statement does not, however, provide clarification of the errors complained of, or specify which matters are believed to be in dispute. The primary arguments put forth against granting the motion seem to be that: (1) the New Jersey "verbal threshold" limitations on causes of action were

akin to Pennsylvania "limited tort" options; (2) because of this equivalency, the discovery rule exception which can toll the statute of limitations is applicable; and (3) plaintiff's injuries were of the kind that would satisfy the discovery rule.

An examination of cause of action limitations and their equivalence, as well as the application of the discovery rule is unnecessary, because even if both are applicable, plaintiff's injuries were not the kind that would trigger the exception. The underlying basis of the discovery rule is to protect individuals who are injured but unable to bring a cause of action from losing their opportunity due to the statute of limitations. This might occur because of limitations on bringing an action such as New Jersey's "verbal threshold" or Pennsylvania's "limited tort", or if a plaintiff does not know that he or she is injured, and that such injury was caused by another's actions. *Haines v. Jones,* 830 A.2d 579, 585 (Pa. Super. 2003) (citing, *Bradley v. Ragheb,* 429 Pa. Super. 616, 621, 633 A.2d 192, 194 (1993)).

Pennsylvania's limited tort option requires that a person sustain a "serious injury" in order to have a cause of action. 75 Pa.C.S. §1705(d). "Serious injury" is defined as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702. Plaintiff's own complaint and filings list numerous injuries including spinal disc herniations, contusions, chondromalacia patella, and potential nerve damage. Plaintiff claims that her injuries did not pass the threshold until after June 8, 2007, when they stopped improving via the course of treatment she had

been undergoing. Whatever this course of treatment was, it is logical that if it resulted in some improvement, yet left her injuries serious enough to pass the threshold, then her injuries at the onset were worse, and so could have passed the threshold at the time the injury was sustained.

Unlike the injury in *Walls v. Sheckler,* 700 A.2d 532 (Pa. Super. 1997), which became worse over time, thus allowing the discovery rule, plaintiff's injury was present, serious, and obvious enough for a course of treatment from the beginning. It follows then that plaintiff cannot argue that she did not know of her injury, or that it was caused by another's actions. The record indicates that she had an MRI which showed new spinal disc bulging approximately one month after the accident. See pl.'s depo. transcr. 48:24-49:10, 52:19-53:1. Plaintiff also testified that she had immediate impairment of ability following the accident. *Id.* 63.5- 66:18.

Plaintiff's injuries would not have been barred by "verbal threshold" or "limited tort", they were serious and known by the plaintiff. Accordingly, the order in this matter should be affirmed.