CLD-021                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2699
_____

ALEC DEVON KREIDER,
                                         Appellant

v.

PHILHAVEN ADOLESCENT INPATIENT TREATMENT CENTER; PHILIP HESS;
NANCY LAUDERMILCH; FRANCIS SPARROW; RICHARD KOCHER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-07242)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 30, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: November 14, 2014)
_____

OPINION*
_____


* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Alec Devon Kreider, proceeding pro se and in forma pauperis, appeals from an order of the District Court dismissing his complaint for failure to state a claim. For the following reasons, we will summarily affirm.

I.

The allegations in this case arise out of Kreider's involuntary commitment as a juvenile at the Philhaven Adolescent Inpatient Treatment facility in June 2007. Kreider alleges that during a therapy session on June 11, 2007, Nancy Laudermilch "strongly advised" Kreider to divulge the contents of his "confidential therapeutic journal" to family members at a family therapy session scheduled the next day. At the therapy session, Laudermilch advised Kreider's parents that if they did not report the contents of the journal to police within 24 hours, she would do so. Kreider alleges that "[t]hereafter" the journal and "other confidential recordings" were provided to the Manheim Township Police Department, and that on June 15, 2007, the rest of his "personal effects and papers" were confiscated and given to the police.

On December 9, 2013,[1] Kreider filed a complaint pursuant to 42 U.S.C. § 1983 claiming violations of the Fourth and Fourteenth Amendments and "Pennsylvania's Mental and Disabilities Health Act." The District Court granted the defendants' motion to dismiss, agreeing that Kreider's constitutional claims were barred by the applicable

---

[1] We note that Kreider's complaint was dated December 4, 2013. While the District Court declined to apply the prisoner mailbox rule, the extra five days allowed by the rule would not have impacted the timing in this case.

statute of limitations, and declined to decide the state law claim, noting that, even if it were to exercise supplemental jurisdiction, the state law claim was also time-barred.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of the federal claims. Lake v. Arnold, 232 F.3d 360, 365 (3d Cir. 2000) (citations omitted). We review the District Court's exercise of supplemental jurisdiction for abuse of discretion. De Ascencio v. Tyson foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003). We may summarily affirm the decision of the District Court if no substantial question is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6.

## III.

Unless inconsistent with federal law, state law governs the statute of limitations and whether the limitations period should be tolled. Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). Federal law governs the date of accrual. Wallace v. Kato, 549 U.S. 384, 388 (2007). A claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (internal quotation marks and citations omitted).

The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Under Pennsylvania law, the statute of limitations may be tolled until the plaintiff reaches eighteen years of age. See 42 Pa. Cons. Stat. Ann. § 5533(b)(1). It may also be tolled by the discovery rule, which applies when "a plaintiff is unable, '*despite the exercise of due diligence*, to know of the injury or

**3**

its cause.'" Mest v. Cabot Corp., 449 F.3d 502, 510 (3d Cir. 2006) (quoting Pocono Int'l Raceway v. Pocono Produce, Inc. 468 A.2d 468, 471 (Pa. 1983)) (emphasis in original). The focus of the discovery rule is "not on the plaintiff's actual knowledge, but rather on whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff." Mest, 449 F.3d at 511 (internal citations and quotations omitted).

The District Court properly determined that Kreider's complaint, filed on December 9, 2013, was barred by the applicable two year statute of limitations. Kreider alleges that the defendants disclosed his medical records to law enforcement as early as June 13, 2007, 24 hours after the June 12, 2007 family therapy session, and as late as June 15, 2007, when the defendants confiscated the remainder of his "personal effects and papers." His cause of action, therefore, accrued sometime in this three day period, at the moment when his personal papers and medical information were first allegedly illegally turned over to law enforcement. See Wallace, 549 U.S. at 388. However, because Kreider was a minor at the time, the statute of limitations tolled until his 18th birthday on February 4, 2009. Kreider v. Philhaven Adolescent Inpatient Treatment Center, No. 13-7242, 2014 WL 1395061, at *2 n.13 (E.D. Pa. April 9, 2014) (taking judicial notice that Kreider's date of birth is February 4, 1991). Thus, Kreider had until February 4, 2011 to file his complaint.

The statute of limitations cannot be tolled under Pennsylvania's discovery rule as Kreider's complaint indicates that he knew of the alleged confiscation and disclosure of his personal papers and medical information to law enforcement at the time that it

**4**

occurred.  <u>Mest</u>, 449 F.3d at 510.  Had Kreider exercised due diligence in pursuing his claims, he could have filed a complaint long before the expiration of the statute of limitations on February 4, 2011.  In response to the motion to dismiss, Kreider argued that his "sever[e] mental defects" should have excused his failure to diligently pursue his claims; however, Pennsylvania does not toll the statute of limitations for mental incompetence.  <u>See</u> 42 Pa. Cons. Stat. Ann. § 5533(a); <u>see also</u> <u>A. McD. v. Rosen</u>, 621 A.2d 128, 131 (Pa. Super. 1993) (reasoning that including "plaintiff's mental incapacity as a factor to be considered in determining the reasonableness of plaintiff's diligence runs counter to [the reasonable person standard]") (internal quotations and citations omitted).

The District Court properly dismissed Kreider's § 1983 claims as time-barred. Because no federal claims remained, the District Court did not abuse its discretion in declining to entertain Kreider's state law claim.  <u>See</u> 28 U.S.C. § 1367(c)(3).

District Courts are required to grant leave to amend complaints vulnerable to Rule 12(b)(6) dismissals, unless such amendment would be futile.  <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).  For the reasons set forth above, any amendment would have been futile.

IV.

We conclude that this appeal presents no substantial question, and we will affirm the judgment of the District Court.