J-A21011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DOMINICK BUSCIACCO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ACME MARKETS, INC., | |
| Appellee | No. 3705 EDA 2015 |

Appeal from the Order Entered November 20, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 03328 August Term, 2014

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 15, 2016**

Appellant, Dominick Busciacco, appeals from the trial court's November 20, 2015 order granting Appellee's, Acme Markets, Inc. (referred herein as "Acme"), motion for summary judgment because Appellant's claim was barred by the statute of limitations.  We affirm.

In short, this case arises out of Appellant's slip and fall at an Acme store on August 18, 2012, due to a floor that he alleged was negligently maintained.  Appellant did not file a complaint to recover damages for the alleged injuries he sustained until August 26, 2014, more than two years after the incident occurred and after the applicable statute of limitations had

run. **See** 42 Pa.C.S. § 5524(2).[1]  Appellant had incorrectly believed that the incident occurred on September 18, 2012, instead of August 18, 2012.[2]

On October 5, 2015, Acme filed a motion for summary judgment, asserting that Appellant's claims were barred by the applicable statute of limitations.  Appellant subsequently opposed this motion, arguing that it should be denied because Acme "induced" Appellant to file his complaint after the statute of limitations had expired.  Specifically, Appellant claims that Acme did not inform him of the actual date of the incident or produce requested documents that would have verified the date.  Therefore, according to Appellant, the statute of limitations should have been tolled due to Acme's purportedly fraudulent concealment.

On November 23, 2015, the trial court granted Acme's motion for summary judgment.  On December 2, 2015, Appellant filed a timely notice

_____

[1] Section 5524(2) provides:

> The following actions and proceedings must be commenced within two years:
>
> …
>
> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

42 Pa.C.S. § 5524(2).  Appellant does not dispute that Section 5524(2) controls his cause of action.  **See** Appellant's Brief at 14.

[2] According to Appellant, he "inadvertently provided [his] counsel with the incorrect date of [the] incident."  Appellant's Brief at 10.  It is not disputed between the parties now that the incident at issue actually occurred on August 18, 2012.  **See** Appellant's Brief at 8; Appellee's Brief at 4.

of appeal to this Court. In his appeal, Appellant raises two issues for our review:

> 1. Whether the trial court erred and/or abused its discretion when it granted summary judgment to … Defendant/Appellee when there is an open issue of material fact as to whether … Defendant/Appellee's conduct constituted fraudulent concealment and whether that conduct was sufficient to toll the statute of limitations.
>
> 2. Whether the trial court erred and/or abused its discretion when it granted summary judgment to … Defendant/Appellee when the doctrine of fraudulent concealment tolls the statute of limitations.

Appellant's Brief at 5.

We begin by setting forth our standard of review:

> The Pennsylvania Rules of Civil Procedure governing summary judgment instruct, in relevant part, that the court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such judgment is clear and free from doubt.

*Lazarski v. Archdiocese of Philadelphia*, 926 A.2d 459, 461 (Pa. Super. 2007) (internal citations omitted). Further, "[s]ummary judgment may properly be entered in favor of a defendant when the plaintiff's cause of action is barred by the statute of limitations." *Brooks v. Sagovia*, 636 A.2d 1201, 1202 (Pa. Super. 1994) (citation omitted).

In its Pa.R.A.P. 1925(a) opinion, the trial court explained that "[w]hile [Appellant] asserts that the statute of limitations was tolled by [Acme's]

fraudulent concealment, in the form of non-responsiveness, [Appellant] has not set forth any facts to support that fraudulent concealment occurred." *See* Trial Court Opinion (TCO), 2/3/2016, at 3. Additionally, the trial court noted that "[Appellant] was, at all times, aware of the date of the alleged slip and fall and simply commenced his action beyond the timeframe permitted…." *Id.* In response, Appellant insists that "there is an open issue of material fact as to whether [Acme's] conduct constituted fraudulent concealment…." Appellant's Brief at 14 (emphasis and unnecessary capitalization omitted). Appellant claims that "the record proves that on at least three occasions, [Acme] was put on notice that [Appellant] had the incorrect date of [the] incident. At no point during pre-litigation did [Acme] inform [Appellant] of the actual date or produce requested documents needed to verify dates." *Id.* at 16. Thus, Appellant contends that "the record contains factual allegations pertaining to [Acme's] conduct sufficient to satisfy the [requirements of] fraudulent concealment when viewed in the broadest sense…." *Id.* We disagree.

Even when viewing the record in the light most favorable to Appellant, the facts are not sufficient to prove fraudulent concealment and it is clear that Acme is entitled to judgment as a matter of law. It is well-established that "[t]he doctrine of fraudulent concealment is an exception to the requirement that a complaining party must file suit within the statutory period." *Lazarski*, 926 A.2d at 464-65 (citations omitted). "[I]n order for fraudulent concealment to toll the statute of limitations, the defendant must

have committed some affirmative independent act of concealment upon which the plaintiff[] justifiably relied." ***Id.*** at 465 (citation omitted). This Court has explained that "mere silence or nondisclosure is insufficient" to establish fraudulent concealment. ***Montanya v. McGonegal***, 757 A.2d 947, 951 (Pa. Super. 2000) (citations omitted); ***see also Lange v. Burd***, 800 A.2d 336, 339 (Pa. Super. 2002) (citation omitted) ("[M]ere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment."). Moreover, "[t]he plaintiff has the burden of proving active concealment through clear and convincing evidence." ***Montanya***, 757 A.2d at 951 (citation omitted).

Here, Appellant has failed to demonstrate any ***affirmative*** independent act of concealment by Acme. The record plainly shows that Acme took ***no*** affirmative action; it simply did not respond to Appellant's pre-litigation correspondence. Further, Appellant has not shown that Acme was under a duty to provide him with the correct date, especially when Appellant's discovery requests had not yet been served. As such, we conclude that the record, viewed in the light most favorable to Appellant, does not establish fraudulent concealment. Because we determine that the fraudulent concealment exception does not apply to this matter, the statute of limitations was not tolled. Accordingly, we conclude that the trial court properly granted Acme's motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2016