664 A.2d 979

**Mary COLONNA, Appellant,**

v.

**Steven RICE, DDS, and Kimmelman–Rice, DDS, PC, Appellees.**

Superior Court of Pennsylvania.

Argued June 29, 1995.

Filed Aug. 1, 1995.

Reargument Denied Oct. 11, 1995.

1

Irving L. Abramson, Radnor, for appellant.

Michelle T. Wirtner, Philadelphia, for Steven Rice, DDS, appellee.

Robert L. Ignasiak, Plymouth Meeting, for Kimmelman–Rice, DDS, PC, appellee.

Before ROWLEY, President Judge, HUDOCK and CERCONE, JJ.

HUDOCK, Judge.

Mary Colonna (Appellant) appeals from the order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of Steven Rice, DDS, and Kimmelman–Rice, DDS, PC (Appellees) in a medical malpractice action. We affirm.

This action was commenced against Appellees on April 28, 1992. In her complaint, Appellant alleged that Appellees were negligent in that they never informed her of her periodontal condition and never initiated any meaningful treatment. The record reveals that in 1978, Appellant began to visit Dr. Rice as her dentist. In 1985, Dr. Rice extracted two of Appellant's teeth and informed her that her teeth were loose due to gum disease. Dr. Rice did not perform any other treatment for the disease at this time. Appellant did not return to Dr. Rice's office until 1988. On April 21, 1988, Dr. Rice performed an intra-coronal splint on Appellant's teeth. In her deposition, Appellant stated that her insurance company denied her claim for reimbursement since the claim was cosmetic. However, Appellant stressed that she thereafter wrote to her insurance company to inform them that the procedure was not cosmetic but was necessary in order to treat her gum disease. Appellant also stated that, at this time, she became aware that she had some sort of periodontal condition. Dr. Rice also commenced deep scaling and root planing on Appellant's teeth in 1989.

After the complaint was filed, Appellees filed an answer and new matter in which they alleged that Appellant's dental malpractice action was time barred by the two-year statute of limitations. *See* 42 Pa.C.S.A. § 5524(2). On December 15, 1994, the trial court entered summary judgment in favor of Appellees. On appeal, Appellant claims that the "discovery rule" exception to the statue of limitations applies to her cause of action since she was not aware, until August 1991 when she consulted with a periodontist, that she had advanced periodontal disease.

4

Our standard of review on summary judgment cases is clear:

> In reviewing an entry of summary judgment, this Court may disturb the order of the trial court only where there has been an error of law. This Court applies the same standard as the trial court, affirming a grant of summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether summary judgment should have been granted, this Court must examine the record in the light most favorable to the non-moving party.

*Jenkins v. Bolla*, 411 Pa.Super. 119, 123, 600 A.2d 1293, 1295 (1992) (citations omitted). "Summary judgment may properly be entered in favor of a defendant when the plaintiff's cause of action is barred by the statute of limitations." *Brooks v. Sagovia*, 431 Pa.Super. 508, 510, 636 A.2d 1201, 1202 (1994).

The discovery rule and its application in Pennsylvania to a motion for summary judgment is as follows:

> It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period. *Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). "Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983).

> Generally, once the prescribed statutory period has expired, the complaining party is barred from bringing suit. The "discovery rule," however, is an exception to that rule, and its application tolls the running of the statute of limitations. The "discovery rule" provides that where the existence of the injury is not known to the complaining party

and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *Schaffer* at 406, 189 A.2d at 270. The "discovery rule" arises from the inability of the injured party, despite the exercise of reasonable diligence, to know of the injury or its cause. *Pocono* at 85, 468 A.2d at 471. Its purpose is to exclude the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have essentially the same rights as those who suffer an immediately ascertainable injury. *Pounds v. Lehman,* 384 Pa.Super. 358, 363, 558 A.2d 872, 874 (1989).

Whether the statute has run on a claim is usually a question of law for the trial judge, but where the issue involves a factual determination, the determination is for the jury. *Smith v. Bell Telephone Co. of Pennsylvania,* 397 Pa. 134, 142, 153 A.2d 477, 481 (1959). Specifically, the point at which the complaining party should reasonably be aware that he has suffered an injury is generally an issue of fact to be determined by the jury; only where the facts are so clear that reasonable minds cannot differ may the commencement of the limitations period be determined as a matter of law. *Sadtler v. Jackson–Cross Co.,* 402 Pa.Super. 492, 501, 587 A.2d 727, 732 (1991).

*Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324–25, 608 A.2d 1040, 1042–43 (1992). Further, the level of reasonable knowledge required is (1) knowledge that one has been injured; and (2) that his injury has been caused by another party's conduct. *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 135–36, 471 A.2d 493, 500 (1984) (*en banc*). The failure to make inquiry when information is available is failure to exercise reasonable diligence as a matter of law. *Baumgart v. Keene Building Products Corporation,* 430 Pa.Super. 162, 169–70, 633 A.2d 1189, 1193 (1993), *alloc. den.,* 538 Pa. 607, 645 A.2d 1311 (1994). In determining whether reasonable diligence has been used, we are guided by the following:

6

The standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard. The fact that this individual plaintiff may have lacked knowledge of his or her injury is "irrelevant," "the statute is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts." In defining reasonable diligence, the courts have stated "[t]here are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence." Moreover, with respect to knowledge of a claim, "plaintiffs need not know that they have a cause of action, or that the injury was caused by another party's wrongful conduct, for once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim."

*A. McD. v. Rosen*, 423 Pa.Super. 304, 309, 621 A.2d 128, 131 (1993) (citations omitted) (*quoting Baily v. Lewis*, 763 F.Supp. 802, 806–07 (E.D.Pa.1991), *aff'd.*, 950 F.2d 721 (3d Cir.1991)).

In *Brooks v. Savogia, supra*, a similar issue was presented to this Court. In that case, summary judgment was granted in favor of the defendant in a malpractice action based upon the dentist's alleged failure to diagnose periodontal disease. The plaintiff, Dorthea Brooks, was a patient of Dr. Sagovia from October 21, 1985 to May 11, 1987. In March, 1988, the plaintiff was treated by another dentist, Dr. Sockel, who told her "that she was suffering from extensive periodontal disease which had caused a 50% loss of bone." *Brooks*, 636 A.2d at 1202. A second opinion confirmed this diagnosis and, thereafter, the plaintiff began treatment with a periodontist. On June 20, 1990, the plaintiff, by writ of summons, instituted a lawsuit against Dr. Sagovia, and, on January 15, 1992, filed a complaint alleging the negligence of the dentist. The trial court, after a motion for summary judgment, dismissed the plaintiff's complaint on the basis that the cause of action was barred by the applicable two-year statute of limitations. On

appeal, this Court, after a thorough analysis of the discovery rule and its application, affirmed the trial court's decision. This Court, in reviewing the relevant facts, reasoned:

> that appellant possessed the requisite degree of knowledge prior to June, 1988. In March, 1988, Brooks had been diagnosed and was informed that she had extensive periodontal disease. In her deposition testimony, she admits that when Dr. Sockel informed her that the disease had caused a 50% bone loss she "assumed that [it] wasn't something that just happened." Her testimony also indicated that at the time she learned of her disease, she wondered, if she had been receiving dental care and the disease was detectable, why hadn't she been informed that she had it. Moreover, Dr. Sockel informed Brooks that the bone loss was visible on x-rays which Dr. Sagovia had taken in October, 1985. Brooks testified that this upset her because "if it was there, [she thought she] should have been told it was there." It is clear, therefore, that already in March, 1988, appellant possessed the requisite degree of knowledge needed to commence suit against Dr. Sagovia. She knew or reasonably should have known that she had had the disease while she had been a patient of the appellee-dentist and that appellee had failed to tell her of it.

*Id.* at 1203–04.

In applying the facts of the present matter to the relevant case law, we conclude that summary judgment was properly granted in favor of Appellees since Appellant possessed the requisite degree of knowledge to assert this cause of action prior to her 1991 visit to a periodontist. In Appellant's deposition, she admitted that she had known as early as 1985 that she had gum disease and her teeth were loosening. However, at this point, Dr. Rice did not treat her for gum disease. Even with the knowledge that she had gum disease, Appellant did not return to the dentist's office until 1988. When asked why she did not return to the dentist for such a long period of time, Appellant responded, "I knew my teeth were clean, I was using good hygiene, and I hadn't had any cavities in a long time. And, yes, the teeth were getting loose,

but he said that I would expect that because of gum disease and there's nothing you can do about it." Appellant's Deposition, at p. 35. Even accepting Appellant's statement as true and thus assuming that she was reasonable in 1985 in not seeking further advice, Appellant's condition evidently continued to worsen. This is apparent through the procedures performed upon Appellant after her return to Appellees' office in 1988. It was at this time that splinting, a dental procedure needed for the treatment of more advanced gum disease, was needed on her teeth and, upon submission of the claim to her insurance, Appellant admitted that the treatment was a result of her gum disease. Given these facts, especially the continuing loosening of her teeth as early as 1985, we cannot say that Appellant acted with reasonable diligence in informing herself of the facts and circumstances involving her gum disease. A person using reasonable diligence should have been aware that the proper treatment was not being given for such condition at least as early as 1988. Moreover, proper treatment may have been given had Appellant not waited three years before returning to the dentist. Appellant, however, asserts that she had no reason to believe that Dr. Rice was negligent in his treatment. However, as we stated above, it is not a requirement that one know that their injury has been caused by the negligent conduct of another. See *Bickford v. Joson*, 368 Pa.Super. 211, 216–17, 533 A.2d 1029, 1032–33 (1987), *alloc. den.*, 518 Pa. 647, 544 A.2d 959 (1988). Appellant must be charged with the duty to investigate her injury even though she did not believe that Dr. Rice was negligent.

Finally, we reject Appellant's claim that Dr. Rice concealed the true nature of her injury. Appellant espouses that Dr. Rice did not reveal to her the true, advanced nature of her gum disease. Moreover, she claims that she had no reason to consult with another dentist since she fully trusted Dr. Rice as a professional. In reviewing this claim, we are guided by the following:

> Where, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry," the defendant is estopped from invoking

the bar of the statute of limitations. *Schaffer v. Larzelere*, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963). Moreover, defendant's conduct need not rise to fraud or concealment in the strictest sense, that is, with an intent to deceive; unintentional fraud or concealment is sufficient. *Walters v. Ditzler*, 424 Pa. 445, 227 A.2d 833 (1967); *Nesbitt v. Erie Coach Company*, 416 Pa. 89, 204 A.2d 473 (1964). Mere mistake, misunderstanding or lack of knowledge is insufficient however, *Schaffer v. Larzelere, supra;* and the burden of proving such fraud or concealment, by evidence which is clear, precise and convincing, is upon the asserting party. *Nesbitt v. Erie Coach Company, supra.*

*Levenson v. Souser*, 384 Pa.Super. 132, 149, 557 A.2d 1081, 1089 (1989), *alloc. den.*, 524 Pa. 621, 571 A.2d 383 (*quoting Molineux v. Reed*, 516 Pa. 398, 532 A.2d 792, 794 (1987)). "The burden of proving the existence of such fraud or concealment is upon the asserting party by evidence that is clear, precise and convincing." *DeMartino v. Albert Einstein Medical Center, N.D.*, 313 Pa.Super. 492, 504, 460 A.2d 295, 301 (1983) (citation omitted).

We find Appellant's claim to be without merit. Merely because Appellant put trust in Dr. Rice does not relieve her of responsibility to be diligent concerning her own medical treatment. *See Levenson*, 557 A.2d at 1090. Further, we cannot conclude that Dr. Rice concealed the true nature of Appellant's injury. As stated above, a reasonable person would have further investigated one's condition given the symptoms suffered by Appellant. Arguably, after reviewing Appellant's deposition testimony, it may appear that in 1985 Dr. Rice concealed the true nature of her condition by allegedly stating that there was nothing they could do about her condition. However, by 1988, there is no evidence of concealment, especially as Dr. Rice performed several major procedures on Appellant's teeth.

Order affirmed.