686 A.2d 1316

**In re R.R., a Minor.**

**Appeal of B.R.**

Superior Court of Pennsylvania.

Submitted May 23, 1996.

Filed Sept. 25, 1996.

2

Sandor Engel, Allentown, for appellant.

Mary E. Higgins, Allentown, for appellee.

Patricia H. Dervish, Allentown, for Children & Youth Services, participating party.

Jan D. Krafczek, Reading, for R.R., participating party.

Before BECK, KELLY and BROSKY, JJ.

BECK, Judge:

The issue is whether under the Juvenile Act a child can be adjudged dependent where his parent or parents are unable to provide the particular care necessary to meet the child's individual special needs. We find the Juvenile Act provides such a standard. We affirm the trial court.

Appellant B.R., mother of R.R., appeals from the order adjudicating R.R., a five month old infant, dependent and ordering him placed in foster care pending the completion of a child abuse investigation, psychological evaluations of appellant and the child's father, and home studies of appellant, the child's father, and the child's paternal grandmother. After careful review of the entire record in this matter, we affirm.

The petition for adjudication of dependency in this matter was filed by the Lehigh County Office of Children and Youth Services (OCYS) following R.R.'s emergency admission to the hospital for brain and eye injuries that were diagnosed as being the result of "shaken impact syndrome" and believed to have been caused by abuse. Because medical evaluation revealed both acute and chronic injuries, it was suspected that

R.R. had been abused on at least two occasions, probably within the past three months.

As a result of these injuries, R.R. had a shunt and a drain placed in his skull. Following his release from the hospital, the child required careful supervision by caregivers to ensure that no further brain trauma occurred and to watch for signs that the shunt was not functioning effectively. In addition, close medical monitoring was necessary in light of possible secondary effects of the brain injury, including cerebral palsy, seizure disorders and developmental disabilities.

In presenting its dependency petition, OCYS stated that its goal for R.R. was a quick return to the custody of either appellant or R.R.'s father once they were ruled out as abuse suspects, R.R.'s medical condition stabilized, and both parents had undergone training to deal with R.R.'s medical needs. Upon consideration of the petition, the trial court found that R.R. was lacking proper parental care and that such care was not immediately available. Accordingly, the court ordered that R.R. be continued in foster care during the pendency of OCYS's investigation of the abuse and its intervention with the child's parents.

In making this determination, the court considered the fact that appellant had not been finally excluded as the abuser, although the evidence pointed more strongly to B.R.'s paramour. In addition, the court found that B.R. did not have the training necessary to ensure the child's well-being in light of his precarious medical condition. Finally, the court considered appellant's unstable emotional and financial condition.

▮▮▮▮ It is well established that

[t]he standard of review which this Court employs in cases of dependency is broad. However, the scope of our review is limited in a fundamental manner by our inability to nullify the fact-finding of the lower court. We accord great weight to this function of the hearing judge because he is in the position to observe and rule upon the credibility of the witnesses and the parties who appear before him. Relying

upon his unique posture, we will not overrule his findings if they are supported by competent evidence.

*In the Interest of R.T.*, 405 Pa.Super. 156, 161, 592 A.2d 55, 57 (1991) (quoting *In re Frank W.D.*, 315 Pa.Super. 510, 517, 462 A.2d 708, 711 (1983) (citations omitted). Dependency may not be found in the absence of clear and convincing evidence. *Id.*

Appellant claims that the trial court erred in adjudicating R.R. dependent because, in the absence of proof that she committed the abuse or knew of and failed to prevent it, there is no clear and convincing evidence that R.R. lacked proper parental care or that such care was not immediately available. We cannot agree.

 It is true that the Juvenile Act, in furtherance of its goal of preserving family unity whenever possible, 42 Pa.C.S. § 6301(b), requires clear and convincing evidence of dependency before the court can intervene in the relationship between a parent and child. *In the Interest of R.T.*, *supra* at 162–64, 592 A.2d at 58. However, the Juvenile Act does not require proof that a parent has committed or condoned abuse before a child can be found dependent. Rather, dependency as defined in the Act exists where a child is without *proper* parental care, defined as "care or control necessary for his physical, mental, or emotional health or morals." 42 Pa.C.S. § 6302. Thus the Juvenile Act permits a finding of dependency if clear and convincing evidence establishes that a child is lacking the particular type of care necessary to meet his or her individual special needs. *See In the Interest of Pernishek*, 268 Pa.Super. 447, 408 A.2d 872 (1979) (proper parental care is that care geared to particularized needs of child and which will, at minimum, prevent serious injury to child).

 Here, the trial court found that R.R.'s medical condition following brain injuries suffered through abuse required particular vigilance and care on the part of his custodian. The court further found that appellant was not presently equipped to provide such special care, citing as evidence her emotional

instability, financial uncertainty [1], lack of medical expertise and questions as to her involvement in or condonation of abuse of R.R. by her former paramour. The record contains competent evidence which supports these findings.

Because of R.R.'s individual needs due to his delicate medical condition, a single error in judgment by his caregiver could have proved fatal. We concur with the trial court that there was clear and convincing evidence that appellant's judgment was erratic and thus that at the time of the dependency hearing, R.R. lacked the care necessary for his physical health, and that appellant was presently unable to provide such care. Accordingly, the finding of dependency was proper.

Order affirmed.

---

1. Financial uncertainty alone would not be a basis for a finding of dependency so long as the child received basic subsistence. *See* 42 Pa.C.S. § 6302; *Com. ex rel. Grimes v. Yack,* 289 Pa.Super. 495, 514, 433 A.2d 1363, 1373 (1981). Here appellant's financial uncertainty was evidence of her general instability rather than her inability to afford to maintain the child.