# Kennedy v. Rigotti

*Cynthia M. Porta,* for plaintiffs.
*Edward L. Russakoff,* for defendant.

MOTTO, *J.,* June 13, 2001—This case arose out of an injury sustained by plaintiff David Kennedy when he fell in a parking lot owned by defendant Bill Rigotti, t/d/b/a Bill & Norm's Auto Sales in February of 1993. Defendant has moved for summary judgment arguing that the two-year statute of limitations on the action has since run barring the plaintiffs from recovery.

In determining this motion for summary judgment, the issue is whether the plaintiff used reasonable diligence in properly informing himself of the facts and circumstances upon which his right of recovery is based, thereby allowing him to toll the running of the two-year statute of limitations of his claim by application of the "discovery rule."

Kennedy was employed by New Castle Industries in New Castle, Pennsylvania when the events giving rise to this suit occurred. The parking lot used by the employees was to be inspected and maintained by Rigotti. On February 22, 1993, Kennedy was walking on said lot when he slipped and fell due to an accumulation of snow and ice. Kennedy was taken to Jameson Hospital where he was treated and released for injuries to his head and back. In April of 1993, Kennedy visited a doc-

tor specializing in internal medicine. David informed the doctor that he had been suffering from neurological problems, such as a memory loss, since the time he fell. Kennedy was referred to Dr. Heyman of the Neurology Clinic of Jameson Hospital. Dr. Heyman diagnosed David Kennedy as having closed head trauma encephalopathy resulting from the accident; however, no treatment was assigned as his recovery was believed to occur over time.

In July of 1995, Kennedy was referred to behavioral neurologist Dr. Oscar Lopez due to continued memory lapses and other related problems. Kennedy was given supplements for a vitamin deficiency. As improvement from the vitamin supplements was not significant, Dr. Lopez had Kennedy undergo a neuro-psychological examination administered by Dr. Graham Radcliff in March of 1998. According to the diagnoses by Dr. Lopez and Dr. Radcliff, Kennedy suffers from dementia due, in part, to the accident that is the subject of this claim. This dementia is deemed to have caused cognitive impairment that is permanent in nature.

On February 22, 1999, Kennedy commenced this action by the issuance of a writ of summons. Kennedy then filed a complaint on April 29, 1999, against Rigotti for the alleged negligence in caring for the parking lot when Kennedy fell, which fall he contends is the cause of his injuries. After filing his answer, Rigotti moved for summary judgment. Rigotti argues that the statute of limitations has run, thereby preventing plaintiffs from recovering in this suit.

## DISCUSSION

"Summary judgment may properly be entered in favor of a defendant when the plaintiff's cause of action is barred by the statute of limitations." *Colonna v. Rice,* 445 Pa. Super. 1, 4, 664 A.2d 979, 980 (1995), citing *Brooks v. Sagovia,* 431 Pa. Super. 508, 510, 636 A.2d 1201, 1202 (1994).

Under 42 Pa.C.S. §5524, any action to recover damages for injury to person or property which is founded on negligent conduct must be commenced within two years.

The running of the statute of limitations in personal injury cases generally begins on the date where the right to institute and maintain a suit arises, regardless of lack of knowledge, mistake or understanding. *Pocono International Raceway Inc. v. Pocono Produce Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). The expiration of the two-year period from this date will, therefore, prevent a party from bringing suit.

An exception exists, however, where the injury is not known. In Pennsylvania, the "discovery rule" is followed whereby the limitations period does not start running if the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the statutory period. *Colonna* at 4-5, 664 A.2d at 980. More specifically, the period of limitation does not begin to run until discovery is reasonably possible. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992). "[O]nce the patient is aware or should reasonably have become aware that medical treatment is causing [her] personal

injury the statute begins and the prospective plaintiff is required to begin doing those things for which the statute of limitations specifically provides time: 'an opportunity to select and consult with a lawyer, investigation, initiation of suit, discovery, joinder of additional parties, etc.' " *Bradley v. Ragheb,* 429 Pa. Super. 616, 621-22, 633 A.2d 192, 195 (1993).

A determination as to when the complaining party should know he has suffered an injury is generally a question of fact to be determined by a jury. *Colonna* at 5, 664 A.2d at 980. However, where the facts are so clear such that reasonable minds cannot find another point where complainant should reasonably be aware of injuries, the determination is a matter of law. *Id.*

Where a party fails to make inquiry into available information, that party fails to use reasonable diligence as a matter of law. *Bradley v. Ragheb,* 429 Pa. Super. 616, 624, 633 A.2d 192, 195 (1993). "If a party has the means of discovery within his [or her] power but neglects to use them, his [or her] claim will still be barred." *Bradley, supra* at 621, 633 A.2d at 194, citing *Burnside v. Abbott Laboratories,* 351 Pa. Super. 264, 292, 505 A.2d 973, 988 (1985).

In light of the facts and the circumstances of the situation, we find that Kennedy did not exercise reasonable diligence in ascertaining information regarding his injury, thus requiring a grant of summary judgment for defendant.

In relying on the "discovery rule," Kennedy argues that the dementia from which he is deemed to suffer was not diagnosed until several years from the date of the accident. While it is true that he was not aware of

the diagnosis of dementia until nearly five years later, this Court attributes such delay to a lack of diligence by plaintiff in investigating his injury further. In addition, Kennedy was aware that he was symptomatic from the time of the accident and as a consequence of the accident.

According to the plaintiff, he struck his head upon falling in the parking lot operated by Rigotti in February of 1993 yet he was not made known of his dementia until 1998. As the case law shows, awareness of the exact diagnosis is not the proper time to begin the running of the statute of limitations. The "discovery rule" requires the plaintiff to use reasonable diligence in determining the injury where such information is available.

Kennedy was, indeed, aware of some injuries resulting from the fall as he had seen several doctors from the day of the event. This includes emergency room care at Jameson Hospital, periodic treatments for lumbar sprain symptoms, treatments due to dizziness, and the ultimate neuro-psychological exam at the behest of Dr. Lopez who provided the final diagnosis of dementia.

The required standard of diligence is that of a reasonable person. Five weeks following the accident, Kennedy was referred to Dr. Heyman, a specialist, for the ongoing memory loss as well as dizziness and personality change. This doctor did not recommend any specific treatment because he believed that Kennedy would make gradual recovery over time. Kennedy seemingly relied on this diagnosis; nevertheless, Kennedy was aware that he suffered an injury. Evidence shows that Kennedy did not experience the recovery that he was told would occur. When asked at deposition how

long he had been suffering pain and memory loss since the accident, Kennedy replied "from day one." (Deposition of D. Kennedy, p. 35).

When Kennedy met with Dr. Lopez in 1995, nearly two years had passed since he was told that he would recover over time. Again, Kennedy admitted in his deposition that he had been suffering since the accident. He was necessarily aware during this period that the prognosis of recovery was incorrect. Nevertheless, no complaint was filed until nearly four years after visiting Dr. Lopez. Finally, in 1998, plaintiff learned from Dr. Lopez, in collaboration with a neuro-psychologist, that he suffers dementia directly related to the injury suffered in 1993. Further the doctor considers this dementia to be permanent in nature.

The facts of this case are similar to that of *Colonna v. Rice, supra.* In that case, plaintiff was told by her dentist in 1985 that she had gum disease resulting in loose teeth. Plaintiff did not return to the dentist until 1988 even though the condition continued to worsen. In 1988, plaintiff needed to undergo a procedure for advanced gum disease. She finally brought suit against the defendant-dentist in 1992. In reviewing the granting of defendant's motion for summary judgment, the court said, "A person using reasonable diligence should have been aware that the proper treatment was not being given for such condition at least as early as 1988." 455 Pa. Super. 1, 8, 664 A.2d 979, 982.

When Kennedy was diagnosed by Dr. Heyman in May of 1993 as having closed head trauma encephalopathy resulting from the accident, and causing memory loss, dizziness and personality change, plaintiff possessed the

requisite knowledge under the discovery rule to commence the running of the statute of limitations. It is not necessary that plaintiff know the full extent of his injuries. *Bradley v. Ragheb, supra.*

Similarly, Kennedy knew or he should have known that he was continuing to suffer from an injury sustained as a result of the fall as he experienced, contrary to the prognosis of Dr. Heyman, that he was not healing from pain and dizziness over time. As stated above, Kennedy acknowledged in deposition that he has been experiencing pain and dizziness since the day of the accident. Also, he sought the medical attention of Dr. Lopez due to this dizziness and memory loss in 1995 and did not file the complaint until 1999. Such a delay, in light of the facts known to Kennedy, was unreasonable and outside the period of the two-year statute of limitations.

For the reasons above stated, the court will issue a separate order granting the defendant's motion for summary judgment.

## ORDER

And now, June 13, 2001, after argument on the motion for summary judgment of the defendant, it is ordered, adjudged and decreed that the motion is granted; that summary judgment is hereby entered in favor of the defendant and against the plaintiffs, and that the plaintiffs' complaint is dismissed.