J. A27015/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

IN RE:  B.S., A MINOR                                    :     IN THE SUPERIOR COURT OF
                                                         :          PENNSYLVANIA
                                                         :
APPEAL OF:  T.B., MOTHER,                                :        No. 532 WDA 2014
                                                         :
                                    Appellant            :


Appeal from the Order Entered March 4, 2014,
in the Court of Common Pleas of Allegheny County
Juvenile Division at No. Docket Number 29-14


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED DECEMBER 03, 2014**

T.B. ("Mother") appeals from the order entered March 4, 2014, which granted the petition filed by the Allegheny County Office of Children, Youth and Families ("OCYF") seeking to adjudicate as dependent her child, B.S., ("Child"), pursuant to Section 6302 of the Juvenile Act, 42 Pa.C.S.A. § 6302(1).[1]  We affirm.

Child was born in April of 2009.  OCYF became aware of Child on January 3, 2014, after receiving a report that both of Child's parents had been arrested on January 2, 2014, and were incarcerated in the Allegheny County Jail.  The incident leading to their incarceration involved the armed robbery of a pizza shop in Pittsburgh.  Father went into the shop with a gun

---

[1] We note that Child's father, D.S. ("Father"), stipulated to dependency and has not filed an appeal in the instant matter.

and demanded money out of the cash register. Mother served as the getaway driver. The OCYF caseworker located Child at the home of his maternal uncle. An emergency custody authorization was obtained, and after determining that the maternal uncle was an appropriate caregiver, Child was permitted to remain in the maternal uncle's home.

On January 6, 2014, a shelter hearing was held, and the court determined that Child was to remain in the care of his maternal uncle. OCYF filed a petition for dependency under Section 6302(1), alleging Child was without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals.

On March 4, 2014, an adjudicatory hearing was held. Father stipulated to dependency due to the fact that he was currently incarcerated and awaiting trial for the charges of carrying a firearm without a license, robbery, conspiracy, and three counts of recklessly endangering another person. Mother stipulated that the following criminal charges were filed against her: one count of felony one robbery, one count of felony one conspiracy, robbery, infliction of serious bodily injury, and one count of driving while operating privilege is suspended; she was awaiting formal arraignment. Mother did not stipulate to dependency since she was released on bail prior to the adjudicatory hearing, and she claimed she was available to parent Child.

Brian Huber ("Huber"), the intake caseworker, testified that he met with both parents on January 6, 2014, at the Allegheny County Jail. (Notes of testimony, 3/4/14 at 12.) Huber testified that Father told him the reason for the robbery was that the couple was having difficulty paying their bills. (*Id.* at 13.) At the time of the robbery, their bills amounted to $1,800. (*Id.*) According to Huber, Mother told him both she and Father were working full-time; however, Father's hours kept getting reduced. (*Id.* at 18.) Huber stated Mother told him Father's reduced hours was the reason they were unable to pay their bills. (*Id.*) Child was found dependent. The trial court ordered Child to be returned to Mother's custody with in-home services to remain in place.

Mother appeals and raises two issues for our review:

> 1. Did the Trial Court abuse its discretion by misapplying the law when it found dependency based solely on [Mother's] economic status and criminal allegations pending against her?
>
> 2. Did the Trial Court abuse its discretion by making a decision that was manifestly unreasonable when it found dependency despite a record that [Mother] was ready to provide proper parental care and control at the time of trial?

Mother's brief at 6.

In **In re R.J.T.**, 9 A.3d 1179 (Pa. 2010), the Pennsylvania Supreme Court set forth our standard of review for dependency cases:

> [T]he standard of review in dependency cases requires an appellate court to accept the findings of

fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*Id.* at 1190.

To adjudicate a child dependent, a trial court must determine that the child:

is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk[.]

42 Pa.C.S.A. § 6302.

This court has explained:

[T]he dependency of a child is not determined "as to" a particular person, but rather must be based upon two findings by the trial court: whether the child is currently lacking proper care and control, and whether such care and control is immediately available.

*In re J.C.*, 5 A.3d 284, 289 (Pa.Super. 2010) (citations omitted).

The burden of proof in a dependency proceeding is on the petitioner, in this case OCYF, to demonstrate by clear and convincing evidence that Child

meets that statutory definition of dependency. ***See In the Interest of T.M.***, 689 A.2d 954, 955 (Pa.Super. 1997).

Our supreme court stated:

> A court is empowered by 42 Pa.C.S.§ 6341(a) and (c) to make a finding that a child is dependent if the child meets the statutory definition by clear and convincing evidence. If the court finds that the child is dependent, then the court may make an appropriate disposition of the child to protect the child's physical, mental and moral welfare, including allowing the child to remain with the parents subject to supervision, transferring temporary legal custody to a relative or a private or public agency, or transferring custody to the juvenile court of another state. 42 Pa.C.S. § 6351(a).

***In re M.L.***, 757 A.2d 849, 850-851 (Pa. 2000).

Initially, Mother asserts that the trial court incorrectly found that Child was without proper parental care and control because of her economic status and pending criminal charges. Mother's brief goes on, at length, to question the trial court's conclusion that she was involved in the criminal episode described by Father. Mother also argues that Child could not have been at risk when Child was not in their immediate care.

Regarding the pending criminal charges, the record indicates that Mother's counsel stated the following:

> We would stipulate to the existence of the criminal charges because that is a matter of public record; and mother is not denying it.

Notes of testimony, 3/4/14 at 6.

> Mother is willing to stipulate to the fact that she currently has criminal charges filed against her. Those charges being, one count of felony one robbery, one count of felony one conspiracy, robbery, inflict serious bodily injury. [T]he third charge is one count of misdemeanor three, driving while operating privilege is suspended.
>
> Your Honor, it's my understanding that those charges were filed according to the DJS (inaudible) on January 2, 2014. They are still pending; and the criminal case it's my understanding is awaiting formal arraignment at this time.

*Id.* at 9.

Huber testified that Father and Mother were arrested and both were incarcerated when he met them on January 6, 2014, and were facing numerous criminal charges stemming from an incident involving the armed robbery of a pizza shop on January 2, 2014. At the time of the March 4, 2014 hearing, Father remained in jail while Mother was out of jail and awaiting formal arraignment. (*Id.* at 10.)

While Mother did not testify at the hearing, Huber testified Father explained that because of the financial difficulties they were facing as a family, "that's why, they did what they did." (*Id.* at 13.) After hearing the testimony that both parents were arrested and charged as a result of their actions in the same incident, and that Mother stipulated to the same charges filed against her, there was ample evidence to conclude Mother had been implicated in the events leading to criminal charges being filed against her.

Mother also argues the trial court used her economic status against her. Financial uncertainty alone would not be a basis for a finding of dependency. *In re R.R.*, 686 A.2d 1316, 1318 n.1 (Pa.Super. 1996). However, our review of this matter reveals more than financial uncertainty at issue here. While Mother did not testify, she responded to a question posed by the trial court and stated she was not working. (Notes of testimony, 3/4/14 at 38.) With her husband now incarcerated, this family is arguably in a worse position than they were before January 2, 2014, the date of the armed robbery.

The trial court noted:

> Mother ha[s] made some progress upon being released from jail. She was able to avoid eviction and was cooperative with services. It appeared that she had some support from her brother who lived in the apartment next door to the family. While mother was unsure about the future with regard to her pending criminal charges, she appeared to have a strong bond with [Child]. However, Mother's inability to financially support [Child] and decision to resort to committing armed robberies to pay household bills is troubling. Mother's poor decision[-]making skills coupled with her inability to support [Child] is cause for concern for the court and indicative that she cannot provide proper parental care or control for [Child].

Trial court opinion, 4/30/14 at 3.

Clearly, the trial court considered more than Mother's economic situation when rendering its decision. Issues regarding housing, income,

serious pending criminal charges, and poor decision-making by Mother all combined to leave Child without proper parental care and control.

We observe Mother points out Child was with his maternal uncle when the robbery took place. As such, Mother contends Child could not be at risk because he was not in his parents' immediate control. (Mother's brief at 13.) It appears Mother is saying the court should look favorably on the fact she and Father did not have Child with them during the armed robbery. Mother gets no credit for this claim. By committing this crime, Father is incarcerated and Mother could soon be joining him. It is very possible Child will be without either of his parents for some time.

In her second issue, Mother argues the trial court made a decision that was manifestly unreasonable, as Mother was ready to provide proper parental care and control at the time of trial. Mother points to the trial court's recognition that she "had made some progress upon being released from jail" to support her argument that since the financial crisis had been abated, a finding of dependency was manifestly unreasonable. (*Id*. at 13-14.)

In its opinion, the trial court notes that it was not until the dependency petition was filed that the family sought any type of services to assist them with rent or utilities. (Trial court opinion, 4/30/14 at 2.) Samantha Parsons ("Parsons"), the family services caseworker, testified she met with Mother and made a referral for in-home services to provide assistance and connect

the family with community resources. (Notes of testimony, 3/4/14 at 25-26.) Parsons noted the family was not working with any of these services prior to their arrest. (*Id.* at 26.) Until OCYF became involved, Mother did not have the wherewithal to resolve her financial problems. The trial court properly based its finding of dependency on prognostic evidence that Mother was unable to use good judgment to effectively resolve her financial crisis without continued OCYF assistance and court supervision. Judges are permitted to use "prognostic evidence" when deciding the dependency status of a minor. *In Re: M.W.*, 842 A.2d 425, 430 (Pa. Super. 2004).

We discern no abuse of discretion by the trial court based on the totality of the circumstances in this case. The trial court permitted Child to remain in Mother's custody with in-home services to remain in place. The court will continue to review this matter at the permanency hearings and consider the outcome of Mother's pending criminal matter. Upon careful review, we conclude OCYF met its evidentiary burden to support the adjudication order. Accordingly, we affirm the order.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014

- 9 -