J-S50031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: C.V., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF C.M.M., MOTHER | No. 1060 EDA 2015 |

Appeal from the Order Entered March 10, 2015
In the Court of Common Pleas of Monroe County
Domestic Relations at No(s): CP-45-DP-0000015-2015

BEFORE: PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED AUGUST 11, 2015**

C.M.M., the mother of C.V., a minor, appeals from an order adjudicating C.V. as a dependent child pursuant to the Juvenile Act, 42 Pa.C.S. § 6301 *et seq*. C.M.M. ("Mother") argues that Monroe County Children and Youth Services ("CYS") failed to prove by clear and convincing evidence that C.V. was without proper care while in Mother's custody. We affirm.[1]

The following evidence was adduced during the dependency hearing: C.V. is a three month old infant hospitalized at Lehigh Valley Hospital. N.T.,

---

[1] The Juvenile Court found C.V. dependent following a hearing on March 10, 2015. On April 8, 2015, Mother filed a timely notice of appeal. On the same date, without ordering or receiving a Pa.R.A.P. 1925(b) statement from Mother, the Juvenile Court entered a Pa.R.A.P. 1925(a) statement in support of its March 10, 2015 order.

3/10/15, at 1. According to the treating physician at the hospital, C.V. suffered abusive head trauma due to violent shaking with or without impact. *Id*. at 11. The physician diagnosed a subdural hemorrhage (bleeding on top of the brain) and saw evidence of older subdural hemorrhages as well. *Id*. at 9. At the time of the hearing, C.V. was on a ventilator and was receiving medications to prevent seizures, but he was unresponsive and neurologically devastated and had no cerebral function due to his injuries. *Id*. at 10, 12. Medical staff recommended that C.V. be listed as "do not recuscitate." *Id*.

Mother and Father lived together and cared for C.V. jointly at the time of his injuries. N.T., 3/10/15, at 30. On February 1, 2015, C.V. became unresponsive and stopped breathing while in Father's care. *Id*. at 11. Due to C.V.'s injuries, Father was arrested and charged with simple and aggravated assault, endangering the welfare of a child and reckless endangerment. *Id*. at 24. Mother did not acknowledge that C.V. was the victim of child abuse or explain his injuries. *Id*. at 27, 29-30. Mother also made statements that showed she doubted Father caused these injuries or that the injuries occurred as the result of abuse. *Id*. at 29-30. CYS deemed Mother to be an alleged perpetrator by omission because she was present in the home at the time Father inflicted the injuries. *Id*. at 27-28. Mother, however, was not charged criminally at the time of the dependency hearing.

CYS expressed concern that C.V.'s injuries did not result from an isolated event, and that Mother may have perpetrated some of C.V.'s

injuries or knew of the manner in which Father cared for C.V.  N.T., 3/10/15, at 9, 20-21, 28.

Mother's sole argument in this appeal is that CYS failed to present clear and convincing evidence that C.V. met the statutory definition of "dependent child" under the Juvenile Act.  Dependency matters are governed by the Juvenile Act, which defines a "dependent child", in relevant part, as

> one who is without proper parental care or control, subsistence, education as required by law or other care or control necessary for his physical, mental or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian, or other custodian that places the health, safety or welfare of the child at risk [.] The question of whether a child is lacking proper parental care or control so as to be a dependent child encompasses two discrete questions: whether the child presently is without proper parental care and control, and if so, whether such care and control are immediately available.
>
> The burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency.

*In re G.T. (Appeal of S.S.)*, 845 A.2d 870, 872 (Pa.Super.2004); *see also* 42 Pa.C.S.A. § 6302 (definition of dependent child).  A finding of abuse will support an adjudication of dependency.  *Matter of C.R.S.*, 696 A.2d 840, 843 (Pa.Super.1997).  When the court's adjudication of dependency is premised upon physical abuse, its finding of abuse must be supported by clear and convincing evidence, but "its findings as to the identity of the abusers need only be established by prima facie evidence that the abuse normally would not have occurred except by reason of acts or omissions of

the caretakers (parents)." *Id*. The Juvenile Act does not require proof that a parent has committed or condoned abuse before a child can be found dependent. Rather, the Act defines dependency as leaving a child without *proper* parental care, defined as "care or control necessary for his physical, mental, or emotional health or morals." *In Re R.R.*, 686 A.2d 1316, 1317-18 (Pa.Super.1996).

In dependency appeals, we accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but are not required to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion. *In re R.J.T.,* 9 A.3d 1179, 1190 (Pa.2010).

Here, CYS presented clear and convincing evidence of dependency. C.V., a three month old infant, suffered devastating brain injuries that left him unresponsive and without cerebral function, hospitalized on a ventilator. The evidence shows that C.V. was home with Father at the time of his injuries, that he has incurred similar injuries in the past, that Father has been arrested and charged with a series of felonies arising from C.V.'s injuries, and that Mother is under investigation as a perpetrator by omission. Based on these extremely troubling circumstances, the Juvenile Court correctly held that CYS met its burden of proving that C.V. was a dependent child.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2015</u>